20

**WANGER JONES HELSLEY PC**
Riley C. Walter #91839
Michael L. Wilhelm #101495
265 East River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 233-4800
rwalter@wjhattorneys.com
mwilhelm@wjhattorneys.com
Chapter 9 Counsel for Tulare Local Healthcare District

**LAW OFFICES OF MICHAEL J. LAMPE**
Michael J. Lampe #82199
108 W. Center Avenue
Visalia, CA 93291
Telephone: (559) 738-5975
mjl@lampe-law.com
Special Counsel for Tulare Local Healthcare District

# IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>Debtor.<br><br>Tax ID #: 94-6002897<br>Address: 869 N. Cherry Street<br>Tulare, CA 93274 | Case No. 17-13797-B-11<br><br>Chapter 9 |
| TULARE LOCAL HEALTHCARE DISTRICT, dba TULARE REGIONAL MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>BAKER & HOSTETLER LLP, a limited liability partnership,<br><br>Defendant. | **COMPLAINT TO AVOID INSIDER AND NON-INSIDER PREFERENTIAL PRE-PETITION TRANSFERS, FRAUDULENT TRANSFERS AND FOR DISALLOWANCE OF CLAIM AND RECOVERY OF AVOIDED TRANSFERS** |

{9703/003/01047045.DOCX}   1

TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE:

Tulare Local Healthcare District, dba Tulare Regional Medical Center, ("the District"), alleges as follows:

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334.

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), and (O).

3. This Complaint is brought pursuant to 11 U.S.C. §§ 901, 945, 502, 544, 547, 548 and 550.

4. Pursuant to 28 U.S.C. §§ 1408 and 1409, venue is proper in the Eastern District of California.

## **BACKGROUND**

5. On September 30, 2017, the District initiated a Chapter 9 proceeding arising under Title 11 of the United States Code ("Petition Date").

6. The order for relief was entered on January 26, 2018.

7. Prior to May of 2014, Baker & Hostetler, LLP ("Baker") served as legal counsel to Healthcare Conglomerate Associates, LLC, a California limited liability company ("HCCA").

8. Prior to May of 2014, Baker also served as legal counsel to Dr. Benny Benzeevi ("Benzeevi"). Benzeevi is, and at all times mentioned herein was, the sole member of HCCA. (Benzeevi and HCCA will sometimes be referred to as "the Benzeevi Group.")

9. On May 29, 2014, the District entered into an Interim Joint Operating Agreement, Management Services Agreement, and Option Agreement with HCCA (collectively the "MSA"), wherein HCCA was appointed to exclusively provide day-to-day management services to and for the District with respect to the hospital, clinics, and other facilities owned by the District.

10. Baker negotiated the MSA on behalf of the Benzeevi Group. The MSA gave HCCA almost unlimited control over the District and its operations.

11. On September 18, 2014, Baker began performing legal services for the District in a limited capacity.

{9703/003/01047654.DOCX}　　　　　　　　　　　　2

COMPLAINT TO AVOID INSIDER AND NON-INSIDER PREFERENTIAL PRE-PETITION TRANSFERS,
FRAUDULENT TRANSFERS AND FOR DISALLOWANCE OF CLAIM AND RECOVERY OF AVOIDED TRANSFERS

12. On May 6, 2015 the District's former Board of Directors, at the direction and encouragement of Benzeevi, adopted Resolution 844, terminating the services of its then-current general counsel and authorizing HCCA to engage legal counsel of its choice to act as general counsel for the District. Baker assumed the role of District general counsel immediately upon the adoption of Resolution 844.

13. Pursuant to the District's Bylaws, "The Board of Directors shall have the sole power to engage, employ, assign, supervise and discharge legal representation of the District, including the District's General Counsel." The District alleges on information and belief that its former Board never approved Baker's engagement as legal counsel. The District further alleges that from the beginning of Baker's concurrent representation of the District and the Benzeevi Group, a conflict existed that was not adequately disclosed by Baker under former Rule 3-310 of the Rules of Professional Conduct, which was in effect at the time.

14. Between September 18, 2014 and July of 2017, Baker acted as legal counsel for Benzeevi, HCCA, and the District.

15. Between September 18, 2014 and July of 2017, the interests of the District were often not aligned with the interests of Benzeevi or HCCA.

16. Between September 18, 2014 and July of 2017, while acting as legal counsel for the District, Baker had a fiduciary duty to act in the best interests of the District and the general public.

17. When the interests of the District and the Benzeevi Group were in conflict, Baker would act in the best interests of the Benzeevi Group, often acting at the direction of Benzeevi while bypassing the District's Board of Directors.

18. The District's Board had the only legal authority to make many of the decisions on which Baker acted. Baker and Benzeevi often acted without Board authority on District legal matters. Through this means Baker exercised significant control of the District throughout its time as general counsel.

19. In or about June of 2017, Baker drafted and recommended Board approval of District Resolution 852, which ostensibly gave Benzeevi full power and authority to borrow up to $22,000,000

on behalf of the District, and encumber any assets of the District, on whatever terms Benzeevi felt appropriate, without seeking further Board approval.

20. On June 20, 2017, Resolution 852 was adopted by three former Directors. Two Directors currently in office voted no.

21. On July 11, 2017, one of the three Board members who approved Resolution 852 was recalled in a special election.

22. On July 21, 2017, Senovia Gutierrez ("Gutierrez") was certified as the winner of the special election by the Tulare County Registrar of Voters.

23. On July 25, 2017, Gutierrez was sworn into office by Tulare County Superior Court Judge Walter L. Gorelick.

24. On July 26, 2017, acting upon the advice of Baker, the President of the Board refused to seat Gutierrez at a regularly scheduled Board meeting.

25. On July 27, 2017, three members of the Board, including Gutierrez, held a special meeting of the Board, and took the following actions: (1) Resolution 852 was rescinded; (2) Baker was terminated as District counsel; and (3) the McCormick Barstow law firm was named new general counsel to the District.

26. On August 23, 2017, Baker, in a clear breach of its fiduciary duty to the District, attempted to cancel a regularly scheduled Board meeting.

27. Between July 27, 2017, and September 15, 2017, in violation of its duty of undivided loyalty to the District, Baker refused to recognize the Board action taken to rescind Resolution 852 and terminate Baker as District legal counsel.

28. During all relevant times covered by this Complaint, the District's bank accounts were under the control and direction of Benzeevi and HCCA.

29. Prior to the filing of the Chapter 9 case, HCCA had been controlling all operations of the District including making and directing payments of its debts.

30. Although Resolution 852 had been rescinded by Board action taken on July 27, 2017, Baker continued to assist Benzeevi in attempting to secure new District financing under Benzeevi's signature without Board approval.

31. On August 28, 2017, Baker delivered an Opinion of Counsel Letter to Celtic Leasing Corporation to facilitate a transaction wherein District assets were sold without Board approval under a sale-leaseback arrangement ("the Celtic Loan"). This Opinion of Counsel Letter falsely advised that Resolution 852 remained in effect.

32. On August 31, 2017, as a direct result of Baker's actions to make it appear that Gutierrez had no authority to act on behalf of the District, and Baker's delivery of the Opinion of counsel Letter to Celtic Leasing, Benzeevi sold District assets resulting in the transfer of $3,000,000 into a Chase Bank account under Benzeevi's sole control. Baker was then paid $538,372.93 from the proceeds of the Celtic Loan.

33. On September 10, 2017, within 90 days prior to the Petition Date and within 10 days of the Celtic Loan, the following transfer was made from the Chase Bank account to Baker: $499.727.93 check #1400 dated September 10, 2017 and clearing on September 13, 2017.

34. On September 11, 2017, the Tulare County District Attorney initiated a Petition for Writ of Mandate, naming Baker as a real party in interest, seeking a court order recognizing Gutierrez as a lawfully elected member of the District's Board of Directors.

35. Baker opposed this motion without authorization for the District's Board and in violation of its fiduciary duty to the District.

36. On September 14, 2017 Baker received an additional $10,000 cashier's check from the proceeds of the Celtic Loan.

37. On September 18, 2017 two additional checks were written from the Chase account (#1402 and #1403) in the amounts of $10,000 and $5,000 respectively.

38. On September 25, 2017 another payment from the Celtic Loan in the amount of $13,645 was made to Baker.

39. The total amount paid to Baker within the 90 day preference period was $538,372.93.

40. On September 26, 2019, Baker "resigned" as District general counsel, notwithstanding the fact that the Board had terminated Baker as general counsel on July 27.

41. On September 27, 2017, just three days prior to the District commencing this bankruptcy proceeding, HCCA caused a Deed of Trust to be recorded, encumbering District property

{9703/003/01047654.DOCX}   5

COMPLAINT TO AVOID INSIDER AND NON-INSIDER PREFERENTIAL PRE-PETITION TRANSFERS, FRAUDULENT TRANSFERS AND FOR DISALLOWANCE OF CLAIM AND RECOVERY OF AVOIDED TRANSFERS

in an attempt to secure pre-existing promissory notes (signed by Benzeevi) allegedly reflecting a District obligation to HCCA in the amount of $10,233,950.05.

42. On September 29, 2017, Baker terminated its representation of Benzeevi, HCCA, and all entities affiliated with them.

43. Within one year and 90 days of the Petition Date, the District made additional transfers totaling at least $980,441.75 to Baker on account of debts owed by the District. The following represent those payments:

    a. Check 44351 dated 9/29/16 cleared 10/5/16 for $487,099.95
    b. Check 1290 dated 12/28/16 cleared 12/28/16 for $104,600.53
    c. Check 46468 dated 2/27/17 cleared 3/10/17 for $154,317.37
    d. Check 46735 dated 3/16/17 cleared 3/29/17 for $106,179.91
    e. Check 46843 dated 3/22/17 cleared 3/29/17 for $8,500.00
    f. ACH 1604 transferred 4/4/17 for $59,774.44
    g. Check 1350 dated 4/13/17 cleared 4/13/17 for $59.969.55

44. Exhibit A attached hereto is a list of all District payments currently identified as having been made to Baker. It should be noted that Check 1290 and Check 46468 referenced therein pay many of the same invoices twice, yet it appears that Baker never credited the District for these double payments. Likewise, the same is true for check 1350 which was paid a second time right before the bankruptcy by check 1400, yet it appears that Baker never credited the District for these double payments.

45. Within the one year period immediately prior to the commencement of this bankruptcy, Baker received payments in the amount of at least $1,518,814.68

46. In the period reflecting time between one and two years prior to the bankruptcy, the District made payments to Baker totaling $1,523,881.14. The following represent the payments that the District has documented:

    a. Check 38324 dated 9/25/15 cleared 10/5/15 for $438,874.12
    b. Check 39607 dated 12/29/15 cleared 1/5/16 for $124,789.38
    c. Check 40068 dated 1/27/16 cleared 2/1/16 for $203,036.64

d.  ACH 1126 dated 02/11/19 for $35,000.00

e.  Check 40891 dated 3/4/16 cleared 3/9/16 for $34,925.53

f.  Check 41038 dated 3/11/16 cleared 3/17/16 for $70,464.33

g.  Check 41446 dated 4/6/16 cleared 4/12/16 for $76,718.52

h.  Check 42001 dated 5/5/16 cleared 5/10/16 for $102,278.57

i.  Check 42810 dated 6/20/16 cleared 6/27/16 for $47662.10

j.  Check 42926 dated 6/24/16 cleared 7/6/16 for $24,417.80

k.  Check 43361 dated 7/22/16 cleared 8/1/16 for $29,373.31

l.  Check 43548 dated 7/28/16 cleared 8/5/16 for $228,748.03

m.  Check 44094 dated 8/30/16 cleared 9/7/16 for $142,592.81

47. The total paid by the District to Baker for the two years immediately preceding the bankruptcy is $3,077,695.82.

48. There were many payments made prior to this two year period as Baker began representing the District in mid-2014, all of which falls into the time period within four years of the fling of the bankruptcy. The following additional checks totaling $310,946.33 were written prior to the two years before the bankruptcy filing:

a.  Check 33247 dated 12/2/14 cleared 12/15/14 for $40,080.50

b.  Check 33492 dated 12/29/14 cleared 1/16/15 for $88,970.11

c.  Check 33758 dated 1/16/15 cleared 1/28/15 for $25,072.00

d.  Check 33839 dated 2/2/15 cleared 2/9/15 for $27,115.00

e.  Check 34483 dated 3/20/15 cleared 3/25/15 for $28,636.01

f.  Check 34805 dated 4/15/15 cleared 4/22/15 for $14,898.80

g.  Check 35967 dated 5/8/15 cleared 5/13/15 for $18,406.48

h.  Check 36307 dated 6/1/15 cleared 6/16/15 for $9,251.06

i.  Check 36627 dated 6/12/15 cleared 6/17/15 for $5,655.00

j.  Check 38142 dated 9/16/15 cleared 9/21/15 for $52,861.37

With the exception of check 38142, the District is currently uncertain as to the clear dates for the above checks.

49.　Within four years of the filing of the bankruptcy Baker received at a minimum $3,388,642.15 in payments from the District.

50.　From its initial retention, through its termination and beyond, Baker put the interests of itself and the Benzeevi Group over the interests of the District, in violation of its fiduciary duty to the District.

51.　From its initial retention, through its termination and beyond, Baker undermined or ignored the will of the District's Board, and in concert with Benzeevi, attempted to control the District's Board. These actions were consistent with the control that Baker wielded while serving as legal counsel to the District. Baker clearly exercised the type of control that is found to classify a Defendant as an "Insider" under 11 USC § 101 (31).

52.　Baker handled a variety of matters for the District while acting as its legal counsel. Each matter had a numerical designation to identify it on the billing. Following are those designations. A few of the invoices could not be clearly identified as to the matter being billed.

| | |
|---|---|
| 1a | Bond Trustee Litigation |
| 1b | Anil Patel et al vs. Sherrie Bell |
| 2 | Adv. Shawn Bolouki |
| 3a | Civil Harassment Retraining Order |
| 3b | General (2015-2017) |
| 4 | Grand Jury Subpoena |
| 5 | Petition for Writ of Mandate |
| 6 | Petition to Force Public Guardian to Seek Conservatorship |
| 7a | IT Contracts |
| 7b | Phoenix Health Systems |
| 7c | HCCA-General Matters (2014-2016) (HCCA File) |
| 8 | HCCA-tax matters (HCCA File) |
| 9a | Restraining Order -- Phillip Mattingly |
| 9b | HCCA - TRMC Hospital Employment Matters (HCCA file) |
| 10 | Firstsource Solutions USA, LLC |

|  |  |
|---|---|
| 11 | Bond and Other Financing |
| 13a | Plan Terminations |
| 13b | TRMC Matters (Bill to HCCA) |
| 14 | Unlawful Detainer Action against Anil Patel MD |
| 15 | Action Against (Harwell and) Betre |
| 16 | IRS Bond Suit |
| 17a | Adv. Tulare Grand Jurors (Hobbs and White) |
| 17b | HCCA - Drilling Lawsuit (HCCA File) |
| 18 | Public Records Act Lawsuit |
| 19 | Drilling Lawsuit |
| 20 | Employment |
| 21 | District Attorney Lawsuit |
| 555555 | General Trademark Matters |

53. A list of all District payments currently identified as having been made to Baker is attached hereto as Exhibit "A" and incorporated herein by reference.

## FIRST CLAIM FOR RELIEF

**(Avoidance of 90 Day Pre-Petition Preferential Transfers)**

**(11 U.S.C. § 547 (b))**

54. The District realleges the allegations set forth in paragraphs 1 through 53 above and incorporates them by reference herein.

55. On September 10, 2017, Baker was paid $499,787.93 from funds that HCCA had improperly borrowed from Celtic Leasing on behalf of the District. The check reflecting this payment cleared on September 13, 2017. At the same time, the District was directed by HCCA to issue a credit memo against certain Baker invoices, totaling $499,787.93.

56. On September 14, 2017, Baker received an additional $10,000 from the proceeds of the Celtic Leasing transaction. This appears to have been the first installment for Baker to handle the litigation being pursued by the Tulare County District Attorney. This was followed by two additional

{9703/003/01047654.DOCX}　　　　　　　　　9

COMPLAINT TO AVOID INSIDER AND NON-INSIDER PREFERENTIAL PRE-PETITION TRANSFERS,
FRAUDULENT TRANSFERS AND FOR DISALLOWANCE OF CLAIM AND RECOVERY OF AVOIDED TRANSFERS

checks in the amounts of $10,000 and $5,000, making a total of $25,000 received immediately before the bankruptcy to handle a case which involved both Benzeevi and HCCA.

57. Finally, Baker received a check for $13,645.00 for a matter described as the Bob Walsh Drilling Case.

58. Within 90 days of the filing of the bankruptcy, Baker was paid out of the District's funds an aggregate amount of $538,372.93 obtained through the Celtic Leasing loan. All checks were written to Baker and were cashed. The clear dates are included on Exhibit A.

59. The transfer of these payments involved an interest in the property of the District as each payment was made from a bank account where District funds were deposited.

60. Each of these payments was made to Baker as directed by Baker's invoices or payment requests and cashed by Baker. Each such payment clearly benefited Baker by converting unpaid receivables into cash deposits or double paying them.

61. Each payment was made many days after the legal services were provided by Baker on behalf of the District. Of the 32 invoices that were paid during the preference period, none (other than advances for a case brought by the Tulare County District Attorney for which Baker had no authority to make an appearance on behalf of the District), were paid in less than 152 days and some as long as 286 days from delivery of services by Baker. No payments were contemporaneous nor were they intended to be. Each payment was for antecedent debt.

62. The District was insolvent and in serious negative financial condition during the time leading up to the filing of this bankruptcy. The District was not capable of paying all of its bills as they came due as is evidenced by its delinquent payments to Baker and the fact that Baker claimed to have outstanding invoices of $498,825.40 on the day the bankruptcy was filed. (See Baker's proof of claim (#225) filed on April 10, 2018.) It is noted under 11 USC 547(f) that the District is presumed to be insolvent during the last 90 days leading up to a bankruptcy filing.

63. The bankruptcy was filed on September 30, 2017. Exactly 90 days prior to the filing is July 2, 2017. All payments made, which the District is attempting to recover from Baker, were made and cleared into Baker's bank account during that time period.

64. The District has confirmed its Chapter 9 Plan, and under the terms of that Plan unsecured creditors will not receive more than approximately 20% and those payments will be made many years into the future.

65. These payments that were made during the preference period enabled Baker to receive more than it would receive if it was paid under the terms of the Chapter 9 Plan.

66. If the District could have filed a Chapter 7 (which was not a legal option), given the secured and bond debt against the District's assets and other debts owed to various other creditors, Baker would have received at best a payment equal to a small percentage of the invoices that were paid in full during the preference period.

## SECOND CLAIM FOR RELIEF

### (Avoidance of Pre-Petition Preferential Transfers Occurring

### Between 90 Days and One Year of Filing)

### (11 U.S.C. § 547(b); 101(31))

67. The District realleges the allegations set forth in paragraphs 1 through 66 above and incorporates them by reference herein.

68. This matter is not a simple 90 preference recovery Complaint. Baker, in conjunction with Benzeevi, exercised significant control over the legal, financial and operational activities of the District. At times Baker dominated the Board, and at others times, it sidestepped them completely, focusing on the interests of its other clients, Benzeevi and HCCA.

69. The word "includes" in the definition of an insider under 11 U.S.C. §101 (31) means that the insiders described therein are not an exclusive list. While the actions of Baker clearly fit the definition under (B)(iii) "person in control of the debtor," Baker's conduct is more egregious because that "control" was used in a manner to breach its duty of undivided loyalty to its own client, the District. From the outset, at best, Baker was attempting to perform an impermissible ethical balancing act given the decision made to represent all the parties at once, even when their interests clearly were in conflict.

70. During the period from one year to 91 days prior to the filing of the bankruptcy Baker received an additional $980,441.75 in District funds. Some of this amount consisted of double payments.

71. HCCA's management of the District with the assistance of Baker guaranteed that eventually the District's insolvency would result in it no longer being able to operate. The situation did not improve and near the end (prior to the bankruptcy) only credit and loans allowed for any payments to be made.

72. During the insider preference period of one year, while some payments were made in the 40 day range, most were three or more months after the invoice was sent to the District.

73. What was true for all the payments made within 90 days of the bankruptcy in paragraphs 50 through 57 is equally true for the payments made within one year of the filing of the bankruptcy, making them all subject to recovery as preferential payments.

74. Including the 90 day preference payments, the total to be recovered over the one year period as insider preferences is $1,518,814.68.

75. See Exhibit A for a breakdown of all the checks and related invoices paid during this one year period.

### THIRD CLAIM FOR RELIEF

### (Disallowance of Fraudulent Transfers)

### (11 U.S.C. § 548(a))

76. The District realleges the allegations set forth in paragraphs 1 through 76 above and incorporates them by reference herein.

77. Preference recovery is not the only grounds for obtaining a return of payments from the Defendant. 11 U.S.C. §548(a) provides that all sums received within two years of the filing of the bankruptcy can be recovered if such are determined to be fraudulent transfers.

78. Baker is a firm of highly experienced attorneys. It is clear that through its representation of the District it had the District take actions that were ultra vires through how it empowered and supported HCCA and Benzeevi. A governmental body cannot contract away its legislative power to a private company or an unelected official. Baker conspired with HCCA and

{9703/003/01047654.DOCX}    12

COMPLAINT TO AVOID INSIDER AND NON-INSIDER PREFERENTIAL PRE-PETITION TRANSFERS, FRAUDULENT TRANSFERS AND FOR DISALLOWANCE OF CLAIM AND RECOVERY OF AVOIDED TRANSFERS

Benzeevi to cut the duly elected officials off from powers that only they could exercise and even when including them, dominating and intimidating them into compliance.

79. Starting with the MSA and throughout its representation of the District, Baker was in constant breach of its ethical duties to the District and that alone results in a claim for return of all funds received since the inception of its work for the District.

80. Baker's focus was to get itself paid and other creditors suffered non-payment while Baker was getting paid.

81. Given its divided loyalty, Baker was perpetually giving the District less than the reasonably equivalent value in all the work being done.

82. Financial matters got worse during Baker's tenure, resulting in the necessity of filing this bankruptcy. By a year prior to the Bankruptcy each and every transfer made to Baker was made while the District was insolvent. The District was during this time incurring debt that it did not have the ability to fully satisfy at any point prior to or after the bankruptcy filing.

83. Given the nature of the overall debt structure, the District's capital remained unreasonably small during the time of all payments made to Defendant.

84. Baker was an insider in control of the District and these payments directly and clearly benefited the Baker.

85. During the period from one to two year prior to the bankruptcy Baker received another $1,523,881.14 for a total received in the two year period prior to the bankruptcy of $3,042,695.82, all of which is recoverable as a fraudulent transfer from the District to Baker.

## FOURTH CLAIM FOR RELIEF

### (Disallowance under Voidable Transactions Act)

### (11 U.S.C. § 544(b); California Civil Code §3439, et. Seq.)

86. The District realleges the allegations set forth in paragraphs 1 through 85 above and incorporates them by reference herein.

87. Under 11 U.S.C. § 544(b) the District is authorized to avoid transfers of its property which transfers would be voidable under non-bankruptcy law by any hypothetical creditor holding an unsecured claim.

88. California Civil Code §3439 et. seq. is a statutory scheme which is applicable non-bankruptcy law which allows for the voiding and recovery of constructively fraudulent transfers.

89. As stated above, given the conflicts and conduct of Baker, the District did not at any time received reasonably equivalent value for the amounts paid.

90. The statute of limitations under California law for fraudulent transfers covers the entire time during which Baker served as counsel for the District and as such all funds ever paid to Baker can be recovered.

91. At a minimum that amount is $3,388,642.15 and that amount is anticipated to increase as the District continues to find additional payments made to Baker.

## FIFTH CLAIM FOR RELIEF

### (Disallowance of Claim)

### (11 U.S.C. § 502(d))

92. The District realleges the allegations set forth in paragraphs 1 through 91 above and incorporates them by reference herein.

93. Baker filed an unsecured proof of claim, number 225, in the amount of $498,825.40. The claim was accompanied with no supporting documentation.

94. Absent Baker returning all the transfers to the District, its claim or claims asserted against the District must be disallowed in its entirety.

## SIXTH CLAIM FOR RELIEF

### (Recovery of Avoided Transfers)

### (11 U.S.C. § 550)

95. The District realleges the allegations set forth in paragraphs 1 through 94 above and incorporates them by reference herein.

96. To the extent that the transfer is avoided under § 547(b), the District may, for the benefit of the estate, recover property transferred to Baker, which received the payments within 90 days of the bankruptcy an amount not less than $538,372.93.

97. To the extent that the transfer is avoided under § 547(b) as an insider, the District may, for the benefit of the estate, recover the property transferred to Baker who received the payments

{9703/003/01047654.DOCX}　　　14

COMPLAINT TO AVOID INSIDER AND NON-INSIDER PREFERENTIAL PRE-PETITION TRANSFERS, FRAUDULENT TRANSFERS AND FOR DISALLOWANCE OF CLAIM AND RECOVERY OF AVOIDED TRANSFERS

within one year of the bankruptcy an amount not less than $1,518,814.68 (which includes the amount from above for the 90 days preference).

98.  To the extent that the transfer is avoided under § 548(a), the District may, for the benefit of the estate, recover the property transferred to Baker who received the payments within two years of the bankruptcy an amount not less than $3,077,695.82 (which includes the amount from above for the on year preference total).

99.  To the extent that the transfer is avoided under § 544(b), the District may, for the benefit of the estate, recover the property transferred to Baker who received the payments within the entire time of representing the District in an amount not less than $3,388,642.15 (which includes the amount from above for the two year fraudulent transfer total). The District is still determining the total amount.

100.  Pursuant to 11 U.S.C. § 550(a), the District is entitled to recover from Baker the transfer, plus pre-judgment interest from the date of the filing of the Complaint to the date of payment, and the costs of this action.

**PRAYER**

WHEREFORE, the District requests judgment as set forth below:

A.  As to the First Claim and Sixth Claims for Relief, judgment in favor of the District and against the Defendant, avoiding the transfers as preferences and recovering the avoided transfers pursuant to Bankruptcy Code §§ 547 and 550;

B.  As to the Second and Sixth Claims for Relief, judgment in favor of the District and against the Defendant, avoiding the transfers as insider preferences and recovering the avoided transfers pursuant to Bankruptcy Code §§ 547 and 550;

C.  As to the Third and Sixth Claims for Relief, judgment in favor of the District and against the Defendant, avoiding the transfers as fraudulent transfers and recovering the avoided transfers pursuant to Bankruptcy Code §§ 548 and 550;

D.  As to the Fourth and Sixth Claims for Relief, judgment in favor of the District and against the Defendant, avoiding the transfers as fraudulent transfers and recovering the avoided transfers pursuant to Bankruptcy Code §§ 544 and 550;

E. As to the Fifth Claim for Relief, an order denying the Defendant's claims against the bankruptcy estate until such time as any judgment rendered by this Court has been fully satisfied;

F. As to all Claims for Relief an award of interest and costs, as appropriate; and

G. Such other and further relief as this Court deems just and appropriate.

Dated: January 13, 2020

WANGER JONES HELSLEY PC

By: /s/
Riley C. Walter
Michael L. Wilhelm
Chapter 9 Counsel for Tulare Local Healthcare District

{9703/003/01047654.DOCX}    16
COMPLAINT TO AVOID INSIDER AND NON-INSIDER PREFERENTIAL PRE-PETITION TRANSFERS, FRAUDULENT TRANSFERS AND FOR DISALLOWANCE OF CLAIM AND RECOVERY OF AVOIDED TRANSFERS

## BAKER HOSTETLER PAYMENTS

| Check # | Check Date | Cleared Date | Invoice # | Invoice Date | Due Date | | Amount Paid | File # |
|---|---|---|---|---|---|---|---|---|
| 33247 | 9/16/2015 | 12/15/2014 | 50021599 | 10/15/2014 | 11/21/2014 | | $40,080.50 | 1 |
| | | | | | | Total--> | $40,080.50 | |
| 33492 | 12/29/2014 | 1/16/2015 | 50043205 | 12/10/2014 | 1/9/2015 | | $ 16,150.18 | 1 |
| 33492 | 12/29/2014 | 1/16/2015 | 50033890 | 11/20/2014 | 12/20/2014 | | $ 72,819.93 | 1 |
| | | | | | | Total--> | $88,970.11 | |
| 33758 | 1/16/2015 | 1/28/2015 | 50021598 | 10/15/2014 | 11/21/2014 | | $25,072.00 | 1 |
| | | | | | | Total--> | $25,072.00 | |
| 33839 | 2/2/2015 | 2/9/2015 | Unknown | Unknown | Unknown | | $27,115.00 | 1 |
| | | | | | | Total--> | $27,115.00 | |
| 34483 | 3/20/2015 | 3/25/2015 | Unknown | Unknown | Unknown | | $28,636.01 | 1 |
| | | | | | | Total--> | $28,636.01 | |
| 34805 | 4/15/2015 | 4/22/2015 | 50064527 | 2/16/2015 | 3/18/2015 | | $14,898.80 | 1 |
| | | | | | | Total--> | $14,898.80 | |
| 35967 | 5/8/2015 | 5/13/2015 | 50074260 | 3/13/2015 | 4/12/2015 | | $18,406.48 | 1 |
| | | | | | | Total--> | $18,406.48 | |
| 36307 | 6/1/2015 | 6/16/2015 | 50085400 | 4/1/2015 | 5/1/2015 | | $9,251.06 | 1 |
| | | | | | | Total--> | $9,251.06 | |
| 36627 | 6/12/2015 | 6/17/2015 | 50110159 | 6/18/2015 | 7/18/2015 | | $2,176.00 | 1 |
| 36627 | 6/12/2015 | 6/17/2015 | 50110171 | 6/22/2015 | 7/22/2015 | | $980.00 | 4 |
| 36627 | 6/15/2015 | 6/17/2015 | 50111229 | 6/22/2015 | 7/22/2015 | | $2,499.00 | 2 |
| | | | | | | Total--> | $5,655.00 | |
| 38142 | 9/16/2015 | 9/21/2015 | 50110043 | 6/22/2015 | 7/22/2015 | | $7,961.97 | 3a |
| 38142 | 9/16/2015 | 9/21/2015 | 50110159 | 6/18/2015 | 7/18/2015 | | $12,374.50 | 1a |
| 38142 | 9/16/2015 | 9/21/2015 | 50110171 | 6/22/2015 | 7/22/2015 | | $32,256.90 | 4 |
| 38142 | 9/16/2015 | 9/21/2015 | 50111229 | 6/22/2015 | 7/22/2015 | | $268.00 | 2 |
| | | | | | | Total--> | $52,861.37 | |
| 38324 | 9/28/2015 | 10/5/2015 | 50110170 | 6/24/2015 | 7/24/2015 | | $62,068.82 | 3b |
| 38324 | 9/28/2015 | 10/5/2015 | 50110172 | 6/23/2015 | 7/23/2015 | | $13,438.24 | 6 |
| 38324 | 9/28/2015 | 10/5/2015 | 50110173 | 6/24/2015 | 7/24/2015 | | $9,743.52 | 5 |
| 38324 | 9/28/2015 | 10/5/2015 | 50110178 | 6/23/2015 | 7/23/2015 | | $9,918.50 | 13b |
| 38324 | 9/28/2015 | 10/5/2015 | 50123475 | 7/23/2015 | 8/22/2015 | | $1,160.49 | 3a |
| 38324 | 9/28/2015 | 10/5/2015 | 50123659 | 7/23/2015 | 8/22/2015 | | $2,399.56 | 1a |
| 38324 | 9/28/2015 | 10/5/2015 | 50123661 | 7/23/2015 | 8/22/2015 | | $350.00 | 2 |
| 38324 | 9/28/2015 | 10/5/2015 | 50123664 | 7/23/2015 | 8/22/2015 | | $1,330.00 | 5 |
| 38324 | 9/28/2015 | 10/5/2015 | 50123870 | 7/24/2015 | 8/23/2015 | | $94,079.36 | 3b |
| 38324 | 9/28/2015 | 10/5/2015 | 50123871 | 7/24/2015 | 8/23/2015 | | $86,077.16 | 4 |
| 38324 | 9/28/2015 | 10/5/2015 | 50124293 | 7/24/2015 | 8/23/2015 | | $60,774.50 | 7b |
| 38324 | 9/28/2015 | 10/5/2015 | 50136923 | 8/24/2015 | 9/23/2015 | | $904.50 | 5 |
| 38324 | 9/28/2015 | 10/5/2015 | 50136924 | 8/24/2015 | 9/23/2015 | | $785.00 | 7b |
| 38324 | 9/28/2015 | 10/5/2015 | 50136925 | 8/24/2015 | 9/23/2015 | | $142.50 | 10 |
| 38324 | 9/28/2015 | 10/5/2015 | 50137794 | 8/25/2015 | 9/24/2015 | | $21,725.00 | 9a |
| 38324 | 9/28/2015 | 10/5/2015 | 50137795 | 8/25/2015 | 9/24/2015 | | $1,389.29 | 1a |
| 38324 | 9/28/2015 | 10/5/2015 | 50141414 | 9/4/2015 | 10/4/2015 | | $72,587.68 | 3b |
| | | | | | | Total--> | $438,874.12 | |
| 39607 | 12/29/2015 | 1/5/2016 | 50145905 | 9/21/2015 | 10/21/2015 | | $1,226.00 | 3a |
| 39607 | 12/29/2015 | 1/5/2016 | 50145982 | 9/29/2015 | 10/29/2015 | | $9,311.80 | 9a |
| 39607 | 12/29/2015 | 1/5/2016 | 50145983 | 9/21/2015 | 10/21/2015 | | $6,772.50 | 7a |
| 39607 | 12/29/2015 | 1/5/2016 | 50145985 | 9/21/2015 | 10/21/2015 | | $263.70 | 10 |
| 39607 | 12/29/2015 | 1/5/2016 | 50145989 | 9/21/2015 | 10/21/2015 | | $319.50 | 9b |
| 39607 | 12/29/2015 | 1/5/2016 | 50151437 | 9/29/2015 | 10/29/2015 | | $42,571.95 | 4 |
| 39607 | 12/29/2015 | 1/5/2016 | 50151545 | 9/30/2015 | 10/30/2015 | | $39,481.19 | 3b |
| 39607 | 12/29/2015 | 1/5/2016 | 50155370 | 10/14/2015 | 11/13/2015 | | $6,524.34 | 4 |
| 39607 | 12/29/2015 | 1/5/2016 | 50155382 | 10/14/2015 | 11/13/2015 | | $7,147.50 | 7a |
| 39607 | 12/29/2015 | 1/5/2016 | 50155383 | 10/14/2015 | 11/13/2015 | | $693.90 | 9a |
| 39607 | 12/29/2015 | 1/5/2016 | 50155385 | 10/14/2015 | 11/13/2015 | | $5,652.50 | 10 |
| 39607 | 12/29/2015 | 1/5/2016 | 50155412 | 10/14/2015 | 11/13/2015 | | $4,824.50 | 9b |
| | | | | | | Total--> | $124,789.38 | |
| 40068 | 1/27/2016 | 2/1/2016 | 50160248 | 10/27/2015 | 11/26/2015 | | $71,245.67 | 3b |
| 40068 | 1/27/2016 | 2/1/2016 | 50164995 | 11/10/2015 | 12/10/2015 | | $54,500.21 | 3b |
| 40068 | 1/27/2016 | 2/1/2016 | 50164996 | 11/10/2015 | 12/10/2015 | | $15,657.85 | 4 |
| 40068 | 1/27/2016 | 2/1/2016 | 50164997 | 11/6/2015 | 12/6/2015 | | $798.00 | 5 |
| 40068 | 1/27/2016 | 2/1/2016 | 50164998 | 11/6/2015 | 12/6/2015 | | $11,600.00 | 7a |
| 40068 | 1/27/2016 | 2/1/2016 | 50164999 | 11/6/2015 | 12/6/2015 | | $6,907.82 | 10 |
| 40068 | 1/27/2016 | 2/1/2016 | 50165001 | 11/6/2015 | 12/6/2015 | | $145.00 | 7c |
| 40068 | 1/27/2016 | 2/1/2016 | 50165002 | 11/6/2015 | 12/6/2015 | | $600.00 | 9b |

BAKER HOSTETLER PAYMENTS

| Check # | Check Date | Cleared Date | Invoice # | Invoice Date | Due Date | | Amount Paid | File # |
|---|---|---|---|---|---|---|---|---|
| 40068 | 1/27/2016 | 2/1/2016 | 50165221 | 11/10/2015 | 12/10/2015 | | $36,617.50 | 11 |
| 40068 | 1/27/2016 | 2/1/2016 | 50168901 | 11/17/2015 | 12/17/2015 | | $4,964.59 | 1b |
| | | | | | | Total--> | $203,036.64 | |
| ACH1126 | 2/11/2016 | 2/11/2016 | E-mail | Unknown | Unknown | | $35,000.00 | Unknown |
| | | | | | | Total--> | $35,000.00 | |
| 40891 | 3/14/2016 | 3/9/2016 | 50184479 | 12/18/2015 | 1/17/2016 | | $34,925.53 | 1b |
| | | | | | | Total--> | $34,925.53 | |
| 41038 | 3/11/2016 | 3/17/2016 | 50184564 | 12/18/2015 | 1/17/2016 | | $2,860.50 | 5 |
| 41038 | 3/11/2016 | 3/17/2016 | 50184565 | 12/18/2015 | 1/17/2016 | | $3,397.50 | 11 |
| 41038 | 3/11/2016 | 3/17/2016 | 50185578 | 12/22/2015 | 1/21/2016 | | $6,489.00 | 10 |
| 41038 | 3/11/2016 | 3/17/2016 | 50185770 | 12/22/2015 | 1/21/2016 | | $39,925.47 | 3b |
| 41038 | 3/11/2016 | 3/17/2016 | 50185875 | 12/22/2015 | 1/21/2016 | | $5,825.86 | 4 |
| 41038 | 3/11/2016 | 3/17/2016 | 50185877 | 12/22/2015 | 1/21/2016 | | $10,585.00 | 7a |
| 41038 | 3/11/2016 | 3/17/2016 | 50188665 | 12/29/2015 | 1/28/2016 | | $1,381.00 | 9b |
| | | | | | | Total--> | $70,464.33 | |
| 41446 | 4/6/2016 | 4/12/2016 | 50190706 | 1/11/2016 | 2/10/2016 | | $4,482.46 | 10 |
| 41446 | 4/6/2016 | 4/12/2016 | 50190709 | 1/11/2016 | 2/10/2016 | | $12,532.16 | 1b |
| 41446 | 4/6/2016 | 4/12/2016 | 50190712 | 1/13/2016 | 2/12/2016 | | $32,051.65 | 3b |
| 41446 | 4/6/2016 | 4/12/2016 | 50190816 | 1/13/2016 | 2/12/2016 | | $5,524.12 | 4 |
| 41446 | 4/6/2016 | 4/12/2016 | 50190817 | 1/11/2016 | 2/10/2016 | | $2,900.00 | 7a |
| 41446 | 4/6/2016 | 4/12/2016 | 50190818 | 1/11/2016 | 2/10/2016 | | $13,208.63 | 11 |
| 41446 | 4/6/2016 | 4/12/2016 | 50190819 | 1/11/2016 | 2/10/2016 | | $4,191.00 | 12 |
| 41446 | 4/6/2016 | 4/12/2016 | 50190822 | 1/14/2016 | 2/13/2016 | | $1,180.50 | 9b |
| 41446 | 4/6/2016 | 4/12/2016 | 50195361 | 1/22/2016 | 2/21/2016 | | $648.00 | 13a |
| | | | | | | Total--> | $76,718.52 | |
| 42001 | 5/5/2016 | 5/10/2016 | 50207298 | 2/19/2016 | 3/20/2016 | | $4,207.00 | 4 |
| 42001 | 5/5/2016 | 5/10/2016 | 50207299 | 2/19/2016 | 3/20/2016 | | $3,754.46 | 10 |
| 42001 | 5/5/2016 | 5/10/2016 | 50207300 | 2/19/2016 | 3/20/2016 | | $4,442.00 | 11 |
| 42001 | 5/5/2016 | 5/10/2016 | 50207301 | 2/19/2016 | 3/20/2016 | | $20,490.57 | 12 |
| 42001 | 5/5/2016 | 5/10/2016 | 50207307 | 2/19/2016 | 3/20/2016 | | $950.00 | 9b |
| 42001 | 5/5/2016 | 5/10/2016 | 50207310 | 2/19/2016 | 3/20/2016 | | $11,037.99 | 1b |
| 42001 | 5/5/2016 | 5/10/2016 | 50207323 | 2/19/2016 | 3/20/2016 | | $57,396.55 | 3b |
| | | | | | | Total--> | $102,278.57 | |
| 42810 | 6/20/2016 | 6/27/2016 | 50214747 | 3/22/2016 | 4/21/2016 | | $47,662.10 | 3b |
| | | | | | | Total--> | $47,662.10 | |
| 42926 | 6/24/2016 | 7/6/2016 | 50214748 | 3/9/2016 | 4/8/2016 | | $6,397.50 | 4 |
| 42926 | 6/24/2016 | 7/6/2016 | 50214749 | 3/9/2016 | 4/8/2016 | | $3,427.00 | 7a |
| 42926 | 6/24/2016 | 7/6/2016 | 50214750 | 3/9/2016 | 4/8/2016 | | $6,932.30 | 3b |
| 42926 | 6/24/2016 | 7/6/2016 | 50214751 | 3/9/2016 | 4/8/2016 | | $7,661.00 | 11 |
| | | | | | | Total--> | $24,417.80 | |
| 43361 | 7/22/2016 | 8/1/2016 | 50214753 | 3/9/2016 | 4/8/2016 | | $448.00 | 13a |
| 43361 | 7/22/2016 | 8/1/2016 | 50214756 | 3/9/2016 | 4/8/2016 | | $936.00 | 9b |
| 43361 | 7/22/2016 | 8/1/2016 | 50214758 | 3/9/2016 | 4/8/2016 | | $399.15 | 1b |
| 43361 | 7/22/2016 | 8/1/2016 | 50227550 | 4/11/2016 | 5/11/2016 | | $3,254.99 | 4 |
| 43361 | 7/22/2016 | 8/1/2016 | 50227552 | 4/11/2016 | 5/11/2016 | | $1,302.50 | 10 |
| 43361 | 7/22/2016 | 8/1/2016 | 50227553 | 4/11/2016 | 5/11/2016 | | $7,088.00 | 11 |
| 43361 | 7/22/2016 | 8/1/2016 | 50227556 | 4/11/2016 | 5/11/2016 | | $1,568.00 | 8 |
| 43361 | 7/22/2016 | 8/1/2016 | 50227557 | 4/11/2016 | 5/11/2016 | | $989.00 | 9b |
| 43361 | 7/22/2016 | 8/1/2016 | 50227565 | 4/11/2016 | 5/11/2016 | | $13,387.67 | 1b |
| | | | | | | Total--> | $29,373.31 | |
| 43548 | 7/28/2016 | 8/5/2016 | 50214752 | 3/9/2016 | 4/8/2016 | | $228,748.03 | 12 |
| | | | | | | Total--> | $228,748.03 | |
| 44094 | 8/30/2016 | 9/7/2016 | 50227554 | 4/13/2016 | 5/13/2016 | | $142,592.81 | 12 |
| | | | | | | Total--> | $142,592.81 | |
| 44351 | 9/29/2016 | 10/5/2016 | 50228750 | 4/13/2016 | 5/13/2016 | | $2,135.00 | 555555 |
| 44351 | 9/29/2016 | 10/5/2016 | 50236648 | 4/28/2016 | 5/28/2016 | | $16,618.50 | 15 |
| 44351 | 9/29/2016 | 10/5/2016 | 50239491 | 5/9/2016 | 6/8/2016 | | $51,189.50 | 3b |
| 44351 | 9/29/2016 | 10/5/2016 | 50239492 | 5/9/2016 | 6/8/2016 | | $3,401.48 | 4 |
| 44351 | 9/29/2016 | 10/5/2016 | 50239493 | 5/9/2016 | 6/8/2016 | | $1,674.70 | 12 |
| 44351 | 9/29/2016 | 10/5/2016 | 50239538 | 5/9/2016 | 6/8/2016 | | $892.00 | 10 |
| 44351 | 9/29/2016 | 10/5/2016 | 50239539 | 5/9/2016 | 6/8/2016 | | $14,890.00 | 11 |
| 44351 | 9/29/2016 | 10/5/2016 | 50239541 | 5/9/2016 | 6/8/2016 | | $3,412.58 | 14 |
| 44351 | 9/29/2016 | 10/5/2016 | 50239542 | 5/9/2016 | 6/8/2016 | | $8,100.00 | 15 |
| 44351 | 9/29/2016 | 10/5/2016 | 50239544 | 5/9/2016 | 6/8/2016 | | $625.50 | 555555 |
| 44351 | 9/29/2016 | 10/5/2016 | 50239546 | 5/9/2016 | 6/8/2016 | | $5,591.15 | 1b |

{9703/003/01045737.XLSX}

BAKER HOSTETLER PAYMENTS

| Check # | Check Date | Cleared Date | Invoice # | Invoice Date | Due Date | | Amount Paid | File # |
|---|---|---|---|---|---|---|---|---|
| 44351 | 9/29/2016 | 10/5/2016 | 50240396 | 5/10/2016 | 6/9/2016 | | $548.10 | 14 |
| 44351 | 9/29/2016 | 10/5/2016 | 50240411 | 5/10/2016 | 6/9/2016 | | $13,289.00 | 7a |
| 44351 | 9/29/2016 | 10/5/2016 | 50253375 | 6/14/2016 | 7/14/2016 | | $47,974.41 | 3b |
| 44351 | 9/29/2016 | 10/5/2016 | 50253376 | 6/14/2016 | 7/14/2016 | | $11,271.62 | 4 |
| 44351 | 9/29/2016 | 10/5/2016 | 50253377 | 6/14/2016 | 7/14/2016 | | $3,009.95 | 7a |
| 44351 | 9/29/2016 | 10/5/2016 | 50253378 | 6/14/2016 | 7/14/2016 | | $4,432.98 | 10 |
| 44351 | 9/29/2016 | 10/5/2016 | 50253380 | 6/14/2016 | 7/14/2016 | | $20,201.00 | 11 |
| 44351 | 9/29/2016 | 10/5/2016 | 50253381 | 6/14/2016 | 7/14/2016 | | $11,381.41 | 12 |
| 44351 | 9/29/2016 | 10/5/2016 | 50253383 | 6/14/2016 | 7/14/2016 | | $833.93 | 14 |
| 44351 | 9/29/2016 | 10/5/2016 | 50253384 | 6/14/2016 | 7/14/2016 | | $2,212.50 | 15 |
| 44351 | 9/29/2016 | 10/5/2016 | 50253387 | 6/14/2016 | 7/14/2016 | | $104.00 | 9b |
| 44351 | 9/29/2016 | 10/5/2016 | 50253388 | 6/14/2016 | 7/14/2016 | | $171.54 | 13b |
| 44351 | 9/29/2016 | 10/5/2016 | 50253389 | 6/14/2016 | 7/14/2016 | | $549.00 | 555555 |
| 44351 | 9/29/2016 | 10/5/2016 | 50253390 | 6/14/2016 | 7/14/2016 | | $2,358.28 | 1b |
| 44351 | 9/29/2016 | 10/5/2016 | 50264267 | 7/13/2016 | 8/12/2016 | | $67,279.69 | 3b |
| 44351 | 9/29/2016 | 10/5/2016 | 50264268 | 7/13/2016 | 8/12/2016 | | $4,517.17 | 4 |
| 44351 | 9/29/2016 | 10/5/2016 | 50264270 | 7/13/2016 | 8/12/2016 | | $5,620.60 | 10 |
| 44351 | 9/29/2016 | 10/5/2016 | 50264271 | 7/13/2016 | 8/12/2016 | | $9,363.50 | 11 |
| 44351 | 9/29/2016 | 10/5/2016 | 50264272 | 7/13/2016 | 8/12/2016 | | $19,401.38 | 12 |
| 44351 | 9/29/2016 | 10/5/2016 | 50264274 | 7/13/2016 | 8/12/2016 | | $894.15 | 15 |
| 44351 | 9/29/2016 | 10/5/2016 | 50264276 | 7/13/2016 | 8/12/2016 | | $1,400.00 | 7c |
| 44351 | 9/29/2016 | 10/5/2016 | 50272455 | 7/29/2016 | 8/28/2016 | | $919.66 | 13b |
| 44351 | 9/29/2016 | 10/5/2016 | 50276417 | 8/12/2016 | 9/11/2016 | | $2,461.09 | 1b |
| 44351 | 9/29/2016 | 10/5/2016 | 50278641 | 8/18/2016 | 9/17/2016 | | $41,864.97 | 3b |
| 44351 | 9/29/2016 | 10/5/2016 | 50278642 | 8/18/2016 | 9/17/2016 | | $12,630.32 | 4 |
| 44351 | 9/29/2016 | 10/5/2016 | 50278643 | 8/18/2016 | 9/17/2016 | | $3,055.60 | 10 |
| 44351 | 9/29/2016 | 10/5/2016 | 50278644 | 8/18/2016 | 9/17/2016 | | $6,739.00 | 11 |
| 44351 | 9/29/2016 | 10/5/2016 | 50278645 | 8/18/2016 | 9/17/2016 | | $3,489.33 | 12 |
| 44351 | 9/29/2016 | 10/5/2016 | 50278646 | 8/18/2016 | 9/17/2016 | | $43,812.19 | 15 |
| 44351 | 9/29/2016 | 10/5/2016 | 50278647 | 8/18/2016 | 9/17/2016 | | $25,149.17 | 16 |
| 44351 | 9/29/2016 | 10/5/2016 | 50279286 | 8/19/2016 | 9/18/2016 | | $11,634.00 | 17a |
| | | | | | | Total--> | $487,099.95 | |
| 1290 | 12/28/2016 | 12/28/2016 | 50087923 | 4/17/2015 | 5/17/2015 | | $2,730.00 | 13b |
| 1290 | 12/28/2016 | 12/28/2016 | 50136938 | 8/24/2015 | 9/23/2015 | | $6,416.58 | 9b |
| 1290 | 12/28/2016 | 12/28/2016 | 50184567 | 12/18/2015 | 1/17/2016 | | $18.00 | 13b |
| 1290 | 12/28/2016 | 12/28/2016 | 50278648 | 8/18/2016 | 9/17/2016 | | $896.00 | 7c |
| 1290 | 12/28/2016 | 12/28/2016 | 50278649 | 8/18/2016 | 9/17/2016 | | $208.00 | 9b |
| 1290 | 12/28/2016 | 12/28/2016 | 50286846 | 9/13/2016 | 10/13/2016 | | $27,655.71 | 12 |
| 1290 | 12/28/2016 | 12/28/2016 | 50286847 | 9/13/2016 | 10/13/2016 | | $26,576.50 | 15 |
| 1290 | 12/28/2016 | 12/28/2016 | 50287900 | 9/14/2016 | 10/14/2016 | | $2,905.50 | 7a |
| 1290 | 12/28/2016 | 12/28/2016 | 50287901 | 9/14/2016 | 10/14/2016 | | $13,116.74 | 10 |
| 1290 | 12/28/2016 | 12/28/2016 | 50287903 | 9/14/2016 | 10/14/2016 | | $112.00 | 13a |
| 1290 | 12/28/2016 | 12/28/2016 | 50287905 | 9/14/2016 | 10/14/2016 | | $280.00 | 8 |
| 1290 | 12/28/2016 | 12/28/2016 | 50299360 | 10/12/2016 | 11/11/2016 | | $392.00 | 5 |
| 1290 | 12/28/2016 | 12/28/2016 | 50299361 | 10/12/2016 | 11/11/2016 | | $460.00 | 9b |
| 1290 | 12/28/2016 | 12/28/2016 | 50310251 | 11/18/2016 | 12/18/2016 | | $2,651.00 | 7c |
| 1290 | 12/28/2016 | 12/28/2016 | 50310252 | 11/9/2016 | 12/9/2016 | | $1,266.00 | 9b |
| 1290 | 12/28/2016 | 12/28/2016 | 50310253 | 11/18/2016 | 12/18/2016 | | $18,916.50 | 17b |
| | | | | | | Total--> | $104,600.53 | |
| 46468 | 2/27/2017 | 3/10/2017 | 50087923 | 4/17/2015 | 5/17/2015 | | $2,730.00 | 13b |
| 46468 | 2/27/2017 | 3/10/2017 | 50136929 | 8/24/2015 | 9/23/2015 | | $6,416.58 | 9b |
| 46468 | 2/27/2017 | 3/10/2017 | 50184567 | 12/18/2015 | 1/17/2016 | | $18.00 | 13b |
| 46468 | 2/27/2017 | 3/10/2017 | 50239647 | 5/9/2016 | 6/8/2016 | | $365.00 | 7c |
| 46468 | 2/27/2017 | 3/10/2017 | 50278648 | 8/18/2016 | 9/17/2016 | | $896.00 | 7c |
| 46468 | 2/27/2017 | 3/10/2017 | 50278649 | 8/18/2016 | 9/17/2016 | | $208.00 | 9b |
| 46468 | 2/27/2017 | 3/10/2017 | 50286845 | 9/14/2016 | 10/14/2016 | | $53,296.34 | 3b |
| 46468 | 2/27/2017 | 3/10/2017 | 50286846 | 9/13/2016 | 10/13/2016 | | $27,655.71 | 12 |
| 46468 | 2/27/2017 | 3/10/2017 | 50286847 | 9/13/2016 | 10/13/2016 | | $26,576.50 | 15 |
| 46468 | 2/27/2017 | 3/10/2017 | 50287900 | 9/14/2016 | 10/14/2016 | | $2,905.50 | 7a |
| 46468 | 2/27/2017 | 3/10/2017 | 50287901 | 9/14/2016 | 10/14/2016 | | $13,116.74 | 10 |
| 46468 | 2/27/2017 | 3/10/2017 | 50287902 | 9/14/2016 | 10/14/2016 | | $4,145.00 | 11 |
| 46468 | 2/27/2017 | 3/10/2017 | 50287903 | 9/14/2016 | 10/14/2016 | | $112.00 | 13a |
| 46468 | 2/27/2017 | 3/10/2017 | 50287904 | 9/14/2016 | 10/14/2016 | | $15,596.00 | 16 |
| 46468 | 2/27/2017 | 3/10/2017 | 50287905 | 9/14/2016 | 10/14/2016 | | $280.00 | 8 |
| | | | | | | Total--> | $154,317.37 | |
| 46735 | 3/16/2017 | 3/29/2017 | 50299329 | 10/12/2016 | 11/11/2016 | | $1,117.50 | 7a |
| 46735 | 3/16/2017 | 3/29/2017 | 50299330 | 10/12/2016 | 11/11/2016 | | $27,212.54 | 10 |

{9703/003/01045737.XLSX}

**EXHIBIT A**
**Page 3 of 4**

BAKER HOSTETLER PAYMENTS

| Check # | Check Date | Cleared Date | Invoice # | Invoice Date | Due Date | | Amount Paid | File # |
|---|---|---|---|---|---|---|---|---|
| 46735 | 3/16/2017 | 3/29/2017 | 50299353 | 10/12/2016 | 11/11/2016 | | $13,484.00 | 11 |
| 46735 | 3/16/2017 | 3/29/2017 | 50299354 | 10/12/2016 | 11/11/2016 | | $72.62 | 13a |
| 46735 | 3/16/2017 | 3/29/2017 | 50299355 | 10/12/2016 | 11/11/2016 | | $14,376.69 | 15 |
| 46735 | 3/16/2017 | 3/29/2017 | 50299356 | 10/12/2016 | 11/11/2016 | | $7,252.44 | 16 |
| 46735 | 3/16/2017 | 3/29/2017 | 50299357 | 10/12/2016 | 11/11/2016 | | $11,244.00 | 18 |
| 46735 | 3/16/2017 | 3/29/2017 | 50299360 | 10/12/2016 | 11/11/2016 | | $392.00 | 5 |
| 46735 | 3/16/2017 | 3/29/2017 | 50299361 | 10/12/2016 | 11/11/2016 | | $460.00 | 9b |
| 46735 | 3/16/2017 | 3/29/2017 | 50310246 | 11/9/2016 | 12/9/2016 | | $1,117.50 | 7a |
| 46735 | 3/16/2017 | 3/29/2017 | 50310248 | 11/9/2016 | 12/9/2016 | | $4,008.00 | 11 |
| 46735 | 3/16/2017 | 3/29/2017 | 50310252 | 11/9/2016 | 12/9/2016 | | $1,266.00 | 9b |
| 46735 | 3/16/2017 | 3/29/2017 | 50314452 | 11/18/2016 | 12/18/2016 | | $24,176.62 | 15 |
| | | | | | | Total--> | $106,179.91 | |
| 46843 | 3/22/2017 | | 850000-032217 | 3/22/2017 | 4/21/2017 | | $8,500.00 | ?? |
| | | | | | | Total--> | $8,500.00 | |
| ACH 1604 | 4/4/2017 | 4/4/2017 | 50310245 | 11/1/2016 | 12/1/2016 | | $1,646.00 | 4 |
| ACH 1604 | 4/4/2017 | 4/4/2017 | 50310247 | 11/9/2016 | 12/9/2016 | | $7,969.98 | 10 |
| ACH 1604 | 4/4/2017 | 4/4/2017 | 50310249 | 11/9/2016 | 12/9/2016 | | $11,966.00 | 16 |
| ACH 1604 | 4/4/2017 | 4/4/2017 | 50310251 | 11/18/2016 | 12/18/2016 | | $2,651.00 | 7 |
| ACH 1604 | 4/4/2017 | 4/4/2017 | 50310253 | 11/18/2016 | 12/18/2016 | | $18,916.50 | 17 |
| ACH 1604 | 4/4/2017 | 4/4/2017 | 50314451 | 11/18/2016 | 12/18/2016 | | $16,624.96 | 12 |
| | | | | | | Total--> | $59,774.44 | |
| 1350 | 4/13/2017 | 4/13/2017 | 50114453 | 11/28/2016 | 12/28/2016 | | $51,920.93 | 18 |
| 1350 | 4/13/2017 | 4/13/2017 | 50324008 | 12/12/2016 | 1/11/2017 | | $2,314.02 | 18 |
| 1350 | 4/13/2017 | 4/13/2017 | 50324012 | 12/12/2016 | 1/11/2017 | | $1,192.00 | 7a |
| 1350 | 4/13/2017 | 4/13/2017 | 50336080 | 1/18/2017 | 2/17/2017 | | $270.00 | 4 |
| 1350 | 4/13/2017 | 4/13/2017 | 50336081 | 1/18/2017 | 2/17/2017 | | $372.50 | 7a |
| 1350 | 4/13/2017 | 4/13/2017 | 50346042 | 2/10/2017 | 3/12/2017 | | $3,900.10 | 15 |
| | | | | | | Total--> | $59,969.55 | |
| 1400 | 9/10/2017 | 9/13/2017 | 50314450 | 11/28/2016 | 12/28/2016 | | $91,269.53 | 3b |
| 1400 | 9/10/2017 | 9/13/2017 | 50314453 | 11/28/2016 | 12/28/2016 | | $51,920.93 | 18 |
| 1400 | 9/10/2017 | 9/13/2017 | 50324008 | 12/12/2016 | 1/11/2017 | | $2,314.02 | 18 |
| 1400 | 9/10/2017 | 9/13/2017 | 50324009 | 12/12/2016 | 1/11/2017 | | $17,006.49 | 16 |
| 1400 | 9/10/2017 | 9/13/2017 | 50324010 | 12/12/2016 | 1/11/2017 | | $16,877.37 | 15 |
| 1400 | 9/10/2017 | 9/13/2017 | 50324011 | 12/12/2016 | 1/11/2017 | | $21,554.00 | 10 |
| 1400 | 9/10/2017 | 9/13/2017 | 50324012 | 12/12/2016 | 1/11/2017 | | $1,192.00 | 7a |
| 1400 | 9/10/2017 | 9/13/2017 | 50325560 | 12/14/2016 | 1/13/2017 | | $7,701.30 | 12 |
| 1400 | 9/10/2017 | 9/13/2017 | 50325561 | 12/14/2016 | 1/13/2017 | | $39,252.85 | 3b |
| 1400 | 9/10/2017 | 9/13/2017 | 50336079 | 1/18/2017 | 2/17/2017 | | $21,302.59 | 3b |
| 1400 | 9/10/2017 | 9/13/2017 | 50336080 | 1/18/2017 | 2/17/2017 | | $270.00 | 4 |
| 1400 | 9/10/2017 | 9/13/2017 | 50336081 | 1/18/2017 | 2/17/2017 | | $372.50 | 7a |
| 1400 | 9/10/2017 | 9/13/2017 | 50336082 | 1/18/2017 | 2/17/2017 | | $54,885.46 | 10 |
| 1400 | 9/10/2017 | 9/13/2017 | 50336083 | 1/18/2017 | 2/17/2017 | | $13,895.00 | 12 |
| 1400 | 9/10/2017 | 9/13/2017 | 50336099 | 1/18/2017 | 2/17/2017 | | $9,709.00 | 11 |
| 1400 | 9/10/2017 | 9/13/2017 | 50336100 | 1/18/2017 | 2/17/2017 | | $18,144.33 | 15 |
| 1400 | 9/10/2017 | 9/13/2017 | 50336101 | 1/18/2017 | 2/17/2017 | | $2,036.04 | 18 |
| 1400 | 9/10/2017 | 9/13/2017 | 50346037 | 2/10/2017 | 3/12/2017 | | $33,997.72 | 3b |
| 1400 | 9/10/2017 | 9/13/2017 | 50346038 | 2/10/2017 | 3/12/2017 | | $2,068.00 | 4 |
| 1400 | 9/10/2017 | 9/13/2017 | 50346039 | 2/10/2017 | 3/12/2017 | | $40,925.58 | 10 |
| 1400 | 9/10/2017 | 9/13/2017 | 50346040 | 2/10/2017 | 3/12/2017 | | $5,644.00 | 11 |
| 1400 | 9/10/2017 | 9/13/2017 | 50346041 | 2/10/2017 | 3/12/2017 | | $32,600.57 | 12 |
| 1400 | 9/10/2017 | 9/13/2017 | 50346042 | 2/10/2017 | 3/12/2017 | | $3,900.10 | 15 |
| 1400 | 9/10/2017 | 9/13/2017 | 50346043 | 2/10/2017 | 3/12/2017 | | $274.00 | 18 |
| 1400 | 9/10/2017 | 9/13/2017 | 50356462 | 3/9/2017 | 4/8/2017 | | $1,454.00 | 11 |
| 1400 | 9/10/2017 | 9/13/2017 | 50356465 | 3/9/2017 | 4/8/2017 | | $8,279.05 | 16 |
| 1400 | 9/10/2017 | 9/13/2017 | 50366084 | 4/11/2017 | 5/11/2017 | | $704.00 | 4 |
| 1400 | 9/10/2017 | 9/13/2017 | 50366117 | 4/11/2017 | 5/11/2017 | | $177.50 | 20 |
| | | | | | | Total--> | $499,727.93 | |
| Cashiers | 9/14/2017 | 9/14/2017 | Unknown | Unknown | Unknown | | $10,000.00 | 21 |
| | | | | | | Total--> | $10,000.00 | |
| 1402 | 9/18/2017 | 9/18/2017 | Unknown | Unknown | Unknown | | $10,000.00 | 21 |
| | | | | | | Total--> | $10,000.00 | |
| 1403 | 9/18/2017 | 9/18/2017 | Unknown | Unknown | Unknown | | $5,000.00 | 21 |
| | | | | | | Total--> | $5,000.00 | |
| 1405 | 9/25/2017 | 9/25/2017 | Unknown | Unknown | Unknown | | $13,645.00 | N/A |
| | | | | | | Total--> | $13,645.00 | |

{9703/003/01045737.XLSX}

**EXHIBIT A**
**Page 4 of 4**